UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STANDARD PROCESS INC.,

           Plaintiff,

    vs.

                            Case No. 06-C-803

TOTAL HEALTH DISCOUNT INC., and
TOTAL HEALTH NETWORK CORP.,

           Defendants.

---

**PLAINTIFF'S MOTION TO REMOVE THE CONFIDENTIALITY
DESIGNATION OF DOCUMENTS AND INFORMATION REGARDING
DEFENDANTS' PURCHASING OF STANDARD PROCESS PRODUCTS AND
PURCHASING ACCOUNTS**

---

Pursuant to the protective order entered by the Court on September 21, 2007 ("Amended

Protective Order"), and L.R. 26.4(7)(b), plaintiff, Standard Process Inc. ("Standard Process"),

moves the Court to order that documents and information about defendants' purchasing of

Standard Process products and a list of sources from which Total Health has purchased Standard

Process products are not confidential, and may not be designated as "CONFIDENTIAL" or

"CONFIDENTIAL ATTORNEYS' EYES ONLY" under the Amended Protective Order. As is

evidenced by the confidential deposition testimony given by Total Health witnesses and set forth

in the Brief and Declaration supporting this motion (which are being submitted for *in camera*

inspection pending the Court's decision on the motion to file under seal being filed

contemporaneously herewith) such documents and information were not properly designated as

"CONFIDENTIAL" in this case because the information was known to persons outside of Total

Health and Total Health did not keep the information confidential.

The Amended Protective Order allows a party to mark as "CONFIDENTIAL" or

"CONFIDENTIAL ATTORNEYS' EYES ONLY" certain "confidential" information, including

"confidential, proprietary information regarding customers' or suppliers' identities."  The

Amended Protective Order further permits the parties to mark such documents as

"CONFIDENTIAL ATTORNEYS' EYES ONLY":

> . . . only if the producing party believes, in good faith, that the
> document or information is so highly confidential and proprietary
> that it would harm the producing party if disclosed to the other
> party because the parties directly compete with one another.

A party may challenge the confidentiality designation by bringing a motion to the Court,

seeking to de-designate the documents or information.  This motion is brought pursuant to the

following section of the Amended Protective Order:

> 9.        In the event that a party objects to the other party's
> designation of any material as "CONFIDENTIAL" or
> "CONFIDENTIAL ATTORNEYS' EYES ONLY" under this
> Protective Order, the objecting party shall consult with the
> designating party to attempt to resolve their differences.  If the
> parties are unable to reach an agreement as to the proper
> designation of the material, the objecting party may bring a motion
> to the Court for a ruling that the material shall not be so
> designated.  If no such motion is made, the material will retain its
> designation.  Any documents or other materials that have been
> designated "CONFIDENTIAL" or "CONFIDENTIAL
> ATTORNEYS' EYES ONLY" shall be treated in accordance with
> the terms of this Protective Order until such time as the Court rules
> that such materials should not be treated as confidential.  Any
> interested member of the public may challenge the designation of
> any material as "CONFIDENTIAL" or "CONFIDENTIAL
> ATTORNEYS' EYES ONLY" pursuant to the terms of this
> paragraph.

Total Health has designated the information regarding its purchasing of Standard Process

products and the list of accounts through which it purchases Standard Process products (the

"Purchasing Account List") as "CONFIDENTIAL ATTORNEYS' EYES ONLY" under the

2

Amended Protective Order. Total Health also has so designated deposition testimony regarding its purchasing, the Purchasing Account List, and its methods of obtaining Standard Process products. Standard Process objects to this designation, and asks the Court to hold that the information should be subject to no confidentiality designation whatsoever. In fact, by designating this information as ATTORNEYS' EYES ONLY under the Amended Protective Order, Total Health is misusing the protective order to shield from Standard Process (and the public) the manner in which it is purchasing Standard Process products. This information is directly relevant to Standard Process' claims and should not be afforded such protection. Indeed, based on the surprising deposition testimony recently given by Total Health witnesses, it may form the basis for additional or different claims.

The parties have discussed the confidentiality of the Purchasing Account List and related information, and have conferred in good faith, but have been unable to resolve their differences regarding the designation of such information. Accordingly, Standard Process has filed this motion. *See* Declaration of Ann M. Maher, ¶¶ 5-8.

Standard Process moves the Court to order that: (a) all confidentiality designations should be removed from the Purchasing Account List, and from documents and information relating to Total Health's purchase of Standard Process products and Total Health's methods and sources of purchasing; (b) its counsel be allowed thirty (30) days after such Order is entered within which to consult with it regarding the subject information and to amend the complaint to conform to the evidence; (c) the Scheduling Order be amended to allow it to conduct any additional discovery necessitated by the revelation of the information previously designated as confidential; and (d) it be awarded the actual attorneys' fees and costs attributable to this motion pursuant to L.R. 26.4(7)(b).

This motion is supported by an accompanying brief and the declaration of Ann M. Maher. The brief, and an unredacted copy of the declaration, have been lodged *in camera*, under seal, with the Court, pending an order to allow their filing under seal. A redacted copy of the declaration has been electronically filed with the Court.

Dated this 20th day of November, 2007.

s/Lisa M. Arent

Ann M. Maher
Lisa M. Arent
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
(414) 271-2300 Phone
(414) 223-5000 Fax
amaher@whdlaw.com
larent@whdlaw.com

Attorneys for Plaintiff

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 20, 2007, I electronically filed the foregoing motion, by using the ECF system which will send notification of such filing to counsel for defendant, David R. Cross, at drc@quarles.com, js2@quarles.com and Johanna M. Wilbert at jwilbert@quarles.com, ckittel@quarles.com.

Dated: 11/20/07 s/ Lisa M. Arent

4