# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

STANDARD PROCESS, INC.,

        Plaintiff,

    v.                                              Case No. 06-C-803

TOTAL HEALTH DISCOUNT, INC., and
TOTAL HEALTH NETWORK CORP.

        Defendants.

_____

## ORDER GRANTING STIPULATED INJUNCTION

Pursuant to the stipulation of the parties (Docket #135);

**IT IS HEREBY ORDERED** that:

1. The following injunction is hereby entered pursuant to the stipulation of the parties, plaintiff, Standard Process Inc., and defendants Total Health Discount Inc. and Total Health Network Corp. (together referred to as "Total Health" or "defendants"):

    1. The defendants are permanently **ENJOINED** from using Standard Process Inc. trademarks on their websites, solicitations, or other advertisements if their websites, solicitations, or other advertisements do not include a prominently displayed disclaimer stating that they are not affiliated with Standard Process Inc. and that they are not an authorized seller of Standard Process Inc. products.

    2. Defendants are permanently **ENJOINED** from using Standard Process product pictures or logos including, but not limited to, the logos that appear on Exhibits C and D to the Amended Complaint, on their website, solicitations, or other advertisements.

3. Defendants are permanently **ENJOINED** from using pictures of Standard Process Inc. products or Standard Process Inc. logos (which logos include, but are not limited to, the logos that appear on Exhibits C and D to the Complaint), on their websites, solicitations, or other advertisements.

4. Defendants are permanently **ENJOINED** from including on their websites, in solicitations or advertisements the following language or any derivative thereof: Total Health "purchases Standard Process supplements from authorized third parties for resale."

5. Defendants are permanently **ENJOINED** from offering for sale products of Standard Process Inc. on their websites, solicitations, or other advertisements unless such offer for sale is accompanied by a prominently displayed disclaimer stating that defendants are "not an authorized seller of Standard Process Inc. products and are in no way affiliated with, authorized, sponsored or related to Standard Process Inc."

6. Defendants are permanently **ENJOINED** from including in the metatags of their websites: "Standard Process," any of the names of Standard Process products (including but not limited to the products listed on Exhibit A to the Complaint; hereafter, "SP Products"), or any derivative thereof.

7. Defendants are permanently **ENJOINED** from using on their websites, in solicitations or advertisements, the first person (including the words "I," "we," "our," "my," or any derivation thereof) in such a way that it creates the impression that the defendant is Standard Process.

8. Defendants are permanently **ENJOINED** from using any links on its websites to Standard Process websites.

9. Defendants are permanently **ENJOINED** from including narrative product descriptions of SP Products on their websites that are copies of or substantially similar to Standard Process's narrative product descriptions.

2. The foregoing injunction is entered pursuant to the stipulation of the parties, for the purpose of narrowing the issues in dispute and without an admission of liability on the part of the defendants.

3. The Judgment entered by the clerk at the conclusion of this case shall contain the injunction set forth in this order.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge